IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BILLY DESHONE RUSSELL, | : | |
| Plaintiff | : | |
| VS. | : | NO. 3:11-CV-5 (CAR) |
| WALTON COUNTY SHERIFF'S DEPARTMENT; Deputy ANDREW MARTZ, | : | |
| Defendants | : | **ORDER** |

Plaintiff **BILLY DESHONE RUSSELL**, an inmate at the Truetlen Probation Detention Center in Soperton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

### *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed

without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff states that on November 18, 2010, Deputy Martz came into cell #10 for a room check and noticed that the door to Plaintiff's cell was open. Plaintiff alleges that Deputy Martz started cursing and slammed the door. Plaintiff states that the door did not lock so Deputy Martz slammed it a second time. According to Plaintiff, when Deputy Martz slammed the door a second time, his right foot got caught in the bottom of the door.

Plaintiff states that he asked Deputy Martz for a grievance form and Deputy Martz then began to curse at Plaintiff and call him names.

Plaintiff alleges that his right big toe is numb and may have nerve damage.

"The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'." ***Hudson v. McMillian***, 503 U.S. 1, 9-10 (1992). Courts have explained that inmates show an Eighth Amendment excessive force violation by showing an objective component (a *non-de minimus* injury) and a subjective component (that the guards acted "maliciously and sadistically for the purpose of causing harm." ) ***Bozeman v. Orum***, 422 F.3d 1265, 1271 (11th Cir. 2005). It appears that plaintiff's injury is not sufficient to support a claim under § 1983. See ***Robinson v. Karnes***, 2003 U. S. Dist. LEXIS 16177 (N. D. Tex. 2003)(Plaintiff complained that guard intentionally closed electric door on this foot, which caused his to nail to turn black, and court found his injury would not support a § 1983 action.).

Apparently, Plaintiff's foot was not in the doorway the first time Deputy Martz attempted to close the door. However, the second time he attempted to close the door, Plaintiff's foot was in the way. Plaintiff does not allege that Officer Martz knew his foot was located in the door and, therefore, meant to slam the door on his foot. Instead, it appears, at most, that Officer Martz acted negligently when he slammed the door. Negligent conduct is not sufficient to state a claim under 42 U.S.C. § 1983. ***Owens v. Atlanta***, 780 F.2d 1564 (11th Cir. 1986).

Additionally, Plaintiff 's claim that Officer Martz called him names and cursed when he requested a grievance form is not sufficient to state a claim under § 1983. Threats, cursing, name-calling, and verbal abuse, while unprofessional and reprehensible, do not amount to the violation of a federal constitutional right. ***McFadden v. Lucas***, 713 F.2d 143, 146 (5th Cir. 1983); ***Stacey v. Ford***, 554 F. Supp. 8, 9 (N. D. Ga. 1982); ***DeWalt v. Carter***, 224 F.3d 607, 612 (7th Cir. 1999)(explaining that "[t]he use of racially derogatory language, while unprofessional and

deplorable, does not violate the Constitution").

Finally, the Walton County Sheriff's Department is not a legal entity subject to suit under 42 U.S.C. § 1983. ***Dean v. Barber***, 951 F.2d 1210 (11th Cir. 1992); ***Shelby v. City of Atlanta***, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984).

For these reasons, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED, this 1st day of March, 2011.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

lnb